# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**WILLIAM J. WARD,**

Petitioner,

-vs-                                                    **Case No. 12-C-1033**

**MICHAEL BAENEN,**
Warden, Green Bay Correctional Institution

Respondent.

## DECISION AND ORDER

This action is before the Court on the petition filed by William J. Ward seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Michael Baenen asserts that Ward's claims should be denied because they are procedurally defaulted, and the petition should be dismissed with prejudice.

### Background[1]

Late in the evening of July 2, 2006, a residence was robbed by four males, two of whom were armed. The two armed men ransacked the residence looking for drugs and money. One of the armed men pointed a

---

[1] The facts presented here come from the Wisconsin Court of Appeals' summation in *State v. Ward,* 341 Wis. 2d 489, 815 N.W.2d 406 (Wis. Ct. App.) (Table), rev. denied, 344 Wis. 2d 302, 822 N.W.2d 881 (Wis. 2012) (Table), supplemented by facts set forth in *State v. Ward,* 317 Wis. 2d 731, 768 N.W.2d 63 (Wis. Ct. App.) (Table), rev. denied 319 Wis. 2d 212, 775 N.W.2d 101 (Wis. 2009) (Table).

silver handgun at the victim, Alexandria Micke, and a two-year-old child in an attempt to persuade Micke to surrender the money and drugs. The four robbers stole $100 and one-half pound of marijuana.

On July 5, officers received a dispatch indicating that a July 4 drive-by shooting victim had called stating that the suspect vehicle had just driven by her home. A traffic stop conducted by Detective Thomas Janda revealed that Ward was the driver of that vehicle, and a silver handgun was recovered from under the seat. When Ward and his property were searched, no marijuana was found. Ward was taken into custody and later charged with the robbery.

At a March 2007 trial, Micke testified that one of the armed males who entered the house pointed a silver handgun at her head and repeatedly stated "you know where it is."[2] Micke also testified that the male with the silver handgun pointed it at her two-year-old sister and threatened to kill her if nothing was found. The other armed male had a large butcher knife.

At trial, Janda testified regarding his July 5 traffic stop of Ward, and linked Ward and the silver Pontiac Sunbird he was driving with the

---

[2] *Ward,* 768 N.W. 63, at *1, states that Micke testified "Where's the shit?" However, Micke's trial testimony does not support the finding. (Habeas Ans. Ex. 494-531.) (ECF No. 9-3.)

- 2 -

drive-by shooting. Defense counsel moved for a mistrial. The court denied the motion, but struck Janda's testimony and strongly instructed the jury to disregard it. Janda's testimony resumed, and he stated that he was involved in a traffic stop of Ward on July 5 and saw a silver Ruger handgun partially concealed under the driver's seat. He also identified the handgun in Ward's trial as being the same type of weapon or the same handgun. The next witness, Detective Cary Meyer testified that Ward stated he owned the gun found in the silver Sunbird.

One of Ward's accomplices, Dieshon Manke-Moore testified that after a party Ward drove him and two other individuals to Micke's house in a two-door silver car, and dropped off Manke-Moore and one other passenger. A little while later, Ward (Manke-Moore called Ward by his nickname, Frosty) and Rob Wichman entered the house. Manke-Moore testified that Ward took out a silver handgun and pointed it at Manke-Moore, Micke, and another individual.

Ward was convicted of the armed robbery and intentionally pointing a firearm at a person, both as repeaters. The circuit court imposed a sentence of fourteen years' initial confinement and nine years' extended supervision on the armed robbery count, and one year of initial incarceration and one year of extended supervision on the firearm count, to

- 3 -

be served concurrently.

On direct appeal, Ward claimed that the circuit court erroneously exercised its discretion by denying his motion for a mistrial. The mistrial motion was based on Janda's testimony linking the silver vehicle operated by Ward and the silver handgun with the July 4 drive-by shooting. The objection was premised on prejudice due to the testimony connecting Ward with the drive-by shooting. The court of appeals rejected the argument, holding that the brief reference to the drive-by shooting did not reasonably contribute to the convictions.

Ward filed a pro se post-conviction motion pursuant to Wis. Stat. § 974.06. The trial judge conducted a hearing on the motion, at which the parties presented arguments. The court denied Ward's motion and stated its reasons for doing so. (Ans., Ex. at 728-43, ECF No. 9-3.)

In a pro se appeal of that denial, Ward asserted that his trial attorney and his post-conviction and appellate attorneys were ineffective. The court of appeals upheld the determination that the claim was procedurally barred, and also held that it was meritless. The court noted that Ward argued his attorneys were ineffective because they failed to cite three federal cases in support of their contention that the reference to the drive-by shooting was prejudicial. The court held that because Ward's

- 4 -

claim regarding the drive-by shooting had already been rejected on his initial appeal, it could not serve as the basis for a subsequent post-conviction motion, no matter how artfully phrased, citing *State v. Witkowski,* 163 Wis. 2d 985, 473 N.W.2d 512, 514 (Wis. Ct. App. 1991). The court also noted that the federal cases would not have altered its decision because, unlike the three federal cases, there was "overwhelming evidence" of Ward's guilt.

Ward also argued that trial counsel was ineffective because he failed to mention during closing argument that the stolen drugs were not found on Ward's person or property when he was arrested three days after the robbery. The appeals court held that such portion of Ward's claim was procedurally barred under *State v. Escalona-Naranjo,* 185 Wis. 2d 168, 517 N.W.2d 157 (Wis. 1994) because Ward had not provided sufficient reason for his failure to raise the issue in "his initial post-conviction motion and appeal." *Ward,* 815 N.W.2d 406, at *2. The court also held that trial counsel's failure to mention the fact that police failed to find the marijuana had little probative value because Ward had three days to dispose of it.

## Section 2254 Petition

Ward raises three grounds for relief in this habeas petition: (1) his Sixth and Fourteenth Amendment rights to an impartial jury were violated

- 5 -

because the jury heard Janda's testimony linking Ward with the drive-by shooting, and the judge told the jury to disregard that testimony without conducting any analysis to determine how the testimony would affect the jury; (2) trial and appellate counsel were ineffective for failing to raise the issue of how Janda's testimony affected Ward's Sixth and Fourteenth Amendment rights;[3] and (3) trial counsel was ineffective because he failed to argue that no drugs were found on Ward's person or property when he was arrested.

Baenen maintains that ground one was not exhausted because Ward did not present it through one complete round of state court review; instead Ward presented different claims related to Janda's reference to the drive-by shooting, and thus procedurally defaulted that ground. Baenen states that although grounds two and three were exhausted, those two claims were procedurally defaulted and federal review is barred under *Miranda v. Leibach,* 394 F.3d 984, 991-92 (7th Cir. 2005).

Ward disagrees as to ground one, relying on *Baldwin v. Reese,* 541 U.S. 27 (2004), and stating that Baenen has failed to acknowledge a sub-

---

[3] The Court is aware that "ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed. Counsel's work must be assessed as a whole; it is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief." *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005). However, for purpose of addressing the procedural default, Ward's two contentions regarding ineffective assistance of trial counsel are addressed separately.

argument presented at pages 184 and 323 of the exhibits to the answer, and that the Wisconsin Court of Appeals addressed the issue at pages 309-10 of the answer.[4]  With respect to grounds two and three, Ward contends that the grounds were not procedurally defaulted, citing *Page v. Frank,* 343 F.3d 901, 905 (7th Cir. 2003).

## Ground One

A federal court will not reach the merits of a habeas claim where: (1) the claim was presented to the state courts and their ruling against the petitioner rested on an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts but it is clear that those courts would not hold the claim procedurally barred.  See *Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004).  Thus, "[a] federal court entertaining a petition for a writ of habeas corpus will not review a question of federal law if it determines that the state decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment." *Page,* 343 F.3d at 905.  A procedural default does not preclude a federal court from considering a habeas claim

---

[4] The cited pages correspond with Ward's brief on the appeal from the denial of his § 976.04 motion and his subsequent petition for review by the Wisconsin Supreme Court.

if the petitioner demonstrates either cause for the default and prejudice resulting from it or that a miscarriage of justice will result if the claim is not considered on the merits. *Perruquet,* 340 F.3d at 514. However, procedural default only precludes habeas review where the last state court rendering judgment on the claim 'clearly and expressly' stated that it rested its judgment on procedural default. *Harris v. Reed,* 489 U.S. 255, 263 (1989).

To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Baldwin,* 541 U.S. at 29. A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal." *Id*. at 32.

When applying these standards, federal courts should "avoid hypertechnicality." *Chambers v. McCaughtry,* 264 F.3d 732, 738 (7th Cir. 2001) (citation omitted). A petitioner may reformulate his claims as long as the substance of the argument remains the same. *Id.* (citing *Picard v.*

- 8 -

*Connor*, 404 U.S. 270, 277-78 (1971) ("Obviously there are instances in which the ultimate question for disposition will be the same despite variations in the legal theory or factual allegations urged in its support. . . . We simply hold that the substance of a federal habeas corpus claim must first be presented to the state courts."); *Boyko v. Parke,* 259 F.3d 781, 788 (7th Cir. 2001). Mere "variations in the same claim rather than a different legal theory will not preclude exhaustion." *Id.* (Citation omitted).

On his appeal from the denial of his post-conviction motion, Ward argued:

> The Due Process of the Fourteenth Amendment also requires the trial court to ensure that the defendant's right to an impartial jury is not violated. If the court becomes aware of a possible source of bias, the court must "determine the circumstances, the impact thereof upon the juror and whet[h]er or not it was prejudic[i]al." *Remmer v. United States,* 347 U.S. 227, 230 (1954) *see also United States v. Thomas*, 463 F.2d 1061, 1063-64 (7th Cir. 1972). Due Process means both (1) a jury capable and willing to decide the case solely on the evidence before it; and (2) a trial judge ever watchful to prevent prejudic[i]al occurrences and to determine the effect of such occurrences when they happen. *Smith v. Phillips,* 455 U.S. 209, 217 (1982). In Mr. Ward[']s case the judge failed to determine the effect that Officer Janda's testimony had on the jury, thus violating his 6th and 14th Amendment rights. The Supreme Court has stated that if even one of the 12 jurors is biased then the jury as a whole cannot be considered impartial. *See Parker v. Gladden*, 385 U.S. 363, 365-66 (19[6]6).

(Habeas Ans. 186, ECF No. 9-2.) Ward reiterated the argument in his

petition for review to the Wisconsin Supreme Court.  (*Id*. at 325.)

While Ward included the foregoing arguments in his briefs filed with the Wisconsin Court of Appeals and Supreme Court, the arguments were imbedded in Ward's ineffective assistance of counsel claim.  He did not present a separate due process claim.

Ward listed two issues for review before the court of appeals:

I. WHETHER MR WARD'S TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE FOR FAILING TO RAISE THE FEDERAL CLAIMS OF THE PREJUDICIAL EFFECTS OF OFFICER JANDA'S TESTIMONY TO THE JURY, DENYING MR. WARD HIS RIGHT TO AN IMPARTIAL JURY UNDER THE 6TH AMENDMENT, VIOLATING HIS 14TH AMENDMENT RIGHT TO DUE PROCESS.

II. WHETHER MR. WARD'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE THAT NO DRUGS WERE FOUND ON MR. WARD'S PERSON OR PROPERTY.

(*Id*. at 179.)  Before the Wisconsin Supreme Court, Ward stated two similar issues.  (*Id*. at 318.)  The Wisconsin Court of Appeals only addressed the issues in the context of Ward's ineffective assistance of counsel claim.  As presented to Wisconsin's higher courts, Ward's claims were ineffective assistance of counsel claims.

Ward is attempting to reformulate his ineffective assistance of counsel claim as a due process claim.  However,  the record demonstrates that Ward did not present Wisconsin state courts with the claim that his

- 10 -

Sixth and Fourteenth Amendment rights to an impartial jury were violated because the jury heard the stricken testimony of Janda linking Ward with the drive-by shooting.

Ward's failure to present his Sixth and Fourteenth Amendment claim to the Wisconsin trial court constitutes a fatal default barring federal habeas corpus review unless he demonstrates both "cause and prejudice" as a result of the default, *Lieberman v. Thoma*s, 505 F.3d 665, 671 (7th Cir. 2007), or he can establish that the denial of relief will result in a miscarriage of justice, *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986). Ward has not addressed the criteria for either exception.

Cause for a default is ordinarily established by showing that some type of "external impediment" prevented the petitioner from presenting his claim. *Promotor v. Pollard,* 628 F.3d 878, 887 (7th Cir. 2010) (citation omitted)  Prejudice is established by showing that the violation of the petitioner's federal rights "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.*  Ward represented himself during his post-conviction proceeding, and he has not articulated any forces beyond his control that prevented him from presenting his claim.  Moreover, given the "overwhelming evidence introduced throughout the course of the trial,"

- 11 -

Ward has not shown that he was prejudiced. (Habeas Ans. Ex. at 153, ECF No. 9-2.)

In order to show, alternatively, that a miscarriage of justice would result if habeas relief is foreclosed, the petitioner must show that he is actually innocent of the offense for which he was convicted; that is, that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court. *Schlup v. Delo,* 513 U.S. 298, 327 (1995). Ward cannot show that he was actually innocent of the crimes. To exhaust an issue a petitioner must present it through one full-round before the state courts. In this instance, Ward's contention fails because he did not present ground one as a due process issue to the Wisconsin courts.

## Ground Two

Ground two is ineffective assistance of trial and appellate counsel, based on their failure to raise the issue regarding the prejudicial effect on the jury of Janda's testimony connecting Ward with the drive-by shooting. The Wisconsin court of appeals dismissed this ground, relying on *Witkowski,* 473 N.W.2d at 514, holding that the court would not readdress issues that had been litigated previously. *Page,* 343 F.3d at 907, holds that "[s]uch a merit-based determination is not a bar to further

- 12 -

consideration in a federal habeas action; '[f]ederal review is precluded only by procedural forfeitures, not by res judicata concerns,'" citing *Patrasso v. Nelson,* 121 F.3d 297, 301 (7th Cir. 1997) and *Moore v. Bryant,* 295 F.3d 771, 776 n.1 (7th Cir. 2002). Therefore, ground two is not procedurally defaulted and will be reviewed.

Ward's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 376-77 (2000). The petitioner bears the burden of proving that the state court's application of federal law was unreasonable, and the "unreasonable application" prong of § 2254(d) "is a difficult standard to meet." *Jackson v. Frank,* 348 F.3d 658, 662 (7th Cir. 2003).

Despite stating that it would not re-address issues that were previously litigated, the Wisconsin Court of Appeals addressed Ward's claim that his attorneys were ineffective for failing to cite *Bruton v. United*

- 13 -

*States*, 391 U.S. 123 (1968), *United States v. Murray,* 784 F.2d 188, 189 (6th Cir. 1986), and *United States v. Sands,* 899 F.2d 912 (10th Cir. 1990), when arguing that he was denied his right to a fair trial due to the testimony linking him with the drive-by shooting. The court of appeals stated that those cases were distinguishable because none involved overwhelming evidence of guilt as existed in Ward's case.

*Bruton,* 391 U.S. at 123, presented the issue of whether the conviction of a defendant at a joint trial should be set aside although the jury was instructed that a codefendant's confession inculpating the defendant had to be disregarded in determining his guilt or innocence. The Supreme Court held that "[d]espite the concededly clear instructions to the jury to disregard [the codefendant's] inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination." *Id.* at 137. The decision was premised on the importance of the Sixth Amendment constitutional right to confrontation. Ward's claim regarding evidence of the drive-by shooting is a violation of a non-constitutional rule of evidence and is distinguishable from the right to confrontation at issue in *Bruton.* Additionally, as the Wisconsin court of appeals noted, there was little other evidence against

- 14 -

the defendant in *Bruton*. Only one of the two witnesses was able to identify him in a line-up held almost a year later, and no evidence other than the co-defendant's statement inculpating him was mentioned by the Supreme Court or the court of appeals. *See id.*; s*ee also, Evans v. United States,* 375 F.2d 355, 360 (8th Cir. 1967).

The *Murray* and *Sands* cases are not Supreme Court precedents and for that reason do not provide a basis for § 2254 relief. *Morales v. Johnson,* 659 F.3d 588, 599 (7th Cir. 2011) ("Under AEDPA, we may grant relief only if the state court's decision on the merits 'was contrary to or an unreasonable application of clearly established Supreme Court precedent'" (citation omitted)).

*Murray,* 784 F.2d at 188-89, involved an experienced FBI agent's apparently deliberate violation of Sixth Circuit case law barring any mention of a polygraph test, and other proofs of guilt were not overwhelming. Subsequently, the Sixth Circuit noted that "though it was not explicitly mentioned by the *Murray* Court, a statement suggesting that a criminal defendant either took and failed a polygraph examination or refused to take an examination directly relates to guilt and implicates a defendant's fifth amendment right not to incriminate himself." *United States v. Walton,* 908 F.2d 1289, 1293 (6th Cir. 1990). Again, unlike

- 15 -

*Murray*, the evidence against Ward was overwhelming; and *Murray* implicates the independent constitutional right of non-incrimination.

*Sands*, 899 F.2d at 913, involved two trials of the same defendant on murder charges. The first was a mistrial because the jury could not agree on premeditation and did not reach a verdict. *Id*. During the first trial, the government was prohibited from introducing evidence of the defendant's prior convictions. *Id*. During the second trial, the defendant stipulated that he had killed the victim; his defense was that it was not premeditated but was self-defense, or at the most involuntary manslaughter. *Id*. At the second trial, the government violated its agreement to advise its witnesses not to mention that the defendant had been in the penitentiary and asked a witness a question that elicited the information. *Id*. at 913-14. A mistrial motion was denied, and the defendant declined the court's offer to give a cautionary instruction. The government's question to the next witness, although the answer was interrupted, again began to elicit the information. *Id*. at 914. A second mistrial motion was also denied. *Id*.

In overturning Sands' conviction, the appeals court stated that the evidence regarding premeditation and malice aforethought "was not overwhelming," and cited evidence supporting its conclusion. *Id*. at 915.

- 16 -

That evidence, combined with the fact that the first jury could not agree on premeditation and the second jury took five hours to reach its decision on intent, prevented the court from concluding that the reference to the defendant's prior convictions had but a very slight effect on the jury. Again, Ward's case is distinguishable from the situation in *Sands* — the evidence of guilt in Ward's case was overwhelming — and its factual and procedural circumstances are dissimilar. Thus, ground two of Ward's petition does not establish a basis for habeas relief.

## Ground Three

Ground three is that trial counsel was ineffective because he did not argue that no drugs were found on Ward's person or property. The Wisconsin Court of Appeals held that this ground was procedurally barred by *Escalona-Naranjo*, 517 N.W.2d at 162.[5] Here, appellate counsel did not file a motion pursuant to § 974.02, which the Wisconsin courts have indicated at various times is the proper vehicle for raising a claim of ineffective assistance of counsel. Appellate counsel also did not raise the issue on direct appeal.

---

[5] In *Escalona-Naranjo*, 517 N.W.2d at 162, the Wisconsin Supreme Court held that constitutional claims which could have been raised on direct appeal or in a post-conviction motion pursuant to § 974.02 cannot later be the basis for a collateral motion pursuant to § 974.06.

Case 2:12-cv-01033-RTR   Filed 02/02/16   Page 17 of 23   Document 14

After a conviction in a Wisconsin trial court, a defendant's first avenue of relief is a postconviction motion under § 974.02. This motion is filed in the trial court in which the conviction was adjudicated. Arguments concerning sufficiency of the evidence or issues previously raised before the trial court need not be raised in this motion in order to preserve the right of appeal with respect to them. *See* Wis. Stat. § 974.02(2); *State ex rel. Rothering v. McCaughtry,* 205 Wis. 2d 675, 556 N.W.2d 136, 137 n.3 (Wis. Ct. App. 1996). Any other claim, such as ineffective assistance of counsel, must first be brought in a § 974.02 motion. *See State v. Waites,* 158 Wis. 2d 376, 462 N.W.2d 206, 213 (Wis. 1990) (holding an ineffective assistance of counsel claim waived because it was not first raised in a postconviction hearing before the trial court); *Rothering,* 556 N.W.2d at 137-38 (same); *State v. Hayes,* 167 Wis. 2d 423, 481 N.W.2d 699, 700 (Wis. Ct. App. 1992) (noting that an issue not properly preserved by a § 974.02 motion is waived). If an issue is raised in the § 974.02 motion but relief is denied by the trial court, the defendant may then appeal to the Court of Appeals of Wisconsin.

After the times for filing postconviction motions under § 974.02 and for taking the subsequent direct appeal have expired, the defendant has the option of seeking a collateral attack on the judgment under Wis. Stat.

§ 974.06.  Any such collateral challenge follows the same procedural path as the direct appeal.  The initial filing is made by motion in the trial court, and subsequent appeals, if any, are made in the appellate courts.  Motions under § 974.06 are limited to jurisdictional and constitutional issues.  Procedural errors are not cognizable.  *See State v. Carter,* 131 Wis. 2d 69, 389 N.W.2d 1, 5 (Wis. 1986).  Section 974.06(4) further limits the claims that may be raised collaterally. It provides:

> All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

Wis. Stat. § 974.06(4).  The Wisconsin Supreme Court has interpreted § 974.06(4) to exclude all issues that were or could have been raised in a § 974.02 post-conviction motion or appeal, including constitutional issues, unless the defendant provides "sufficient reason" for not raising the issues in that earlier proceeding. *See Escalona-Naranjo,* 517 N.W.2d at 162.

In Ward's case, post-conviction counsel did not file a § 974.02 motion challenging the effectiveness of trial counsel.  Therefore, the ground could

- 19 -

not be raised on direct appeal. As with *Page*, 343 F.3d at 905-06, the only way that Ward could raise the issue was by a § 974.06 motion. The court of appeals noted that Ward asserted he could raise the issue because appellate counsel was ineffective. 815 N.W.2d at 406, *2. While *Page* involved a ruling by the court of appeals that Page was required to raise the issue in response to a no-merit brief, the result in Ward's case is similar. And, as stated in *Lee v. Baenen,* No. 10-C-040, 2013 WL 364226, at *6 (E.D. Wis. Jan. 30, 2013) *aff'd on other grounds sub nom. Lee v. Foster,* 750 F.3d 687 (7th Cir. 2014), "the difficulty and confusion noted by the court is even more pronounced when a defendant is relying on his attorney to represent him on appeal and is not offered an opportunity to raise other issues on his own. In light of these holdings, the court does not find *Escalona-Naranjo* an adequate and independent state ground for denying Lee's ineffective assistance of counsel claims."

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate (1) that his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984). To satisfy the first prong, "the Court must . . . determine whether, in light of

- 20 -

all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. To satisfy the second prong, a petitioner must demonstrate to a "reasonable probability" that without the unprofessional errors, "the result of the proceeding would have been different." *Id.* at 694. In the context of habeas corpus, the federal court must determine if the state court's determination "was unreasonable." *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) (citation omitted). This "is a general standard" and "a state court has even more latitude to reasonably determine that a defendant has not satisfied the standard." *Id.* (citing *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

Ward claims that his trial counsel was ineffective for failing to call the jury's attention to the fact that no marijuana was found on Ward's person or property when he was arrested three days after the robbery. Despite finding that this claim had been defaulted, the court of appeals noted that the fact had little probative value because Ward had three days to dispose of the marijuana.

Viewed under the particularly deferential standard of habeas corpus, Ward has not shown that this determination is unreasonable; and there is a reasonable likelihood that Ward could have disposed of the

marijuana during the three days between the armed robbery and his arrest. Moreover, there was overwhelming evidence, including the testimony of the victim and an accomplice, that Ward committed the armed robbery. Given that evidence, Ward cannot show that the outcome of the proceedings would have been different if the jury knew that no marijuana was found at the time of his arrest. Therefore, Ward has not shown that trial counsel was ineffective because he did not bring the non-discovery of marijuana on Ward's person or property to the jury's attention.

## Certificate of Appealability

Ward may not appeal the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a state court unless this Court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a). A certificate may issue only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To make a substantial showing, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537

U.S. 322, 336 (2003) (internal quotation marks omitted). For the reasons discussed above, Ward has not made that substantial showing: reasonable jurists would not debate this Court's finding of procedural default or that Ward deserves encouragement to proceed further with his habeas claims. The Court therefore declines to issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Ward's petition for a writ of habeas corpus (ECF No. 1) is **DENIED;**

This action is **DISMISSED**;

The Court **DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY**;

The Clerk of Court is **DIRECTED TO ENTER JUDGMENT** accordingly**.**

Dated at Milwaukee, Wisconsin, this 2nd day of February, 2016.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 23 -